1
2
3
4
5
6
7                      UNITED STATES DISTRICT COURT

8                      EASTERN DISTRICT OF CALIFORNIA

9

10

11   RAFAEL ARROYO,                              No. 2:21-cv-00266-TLN-AC

12                      Plaintiff,

13          v.                                   **ORDER**

14
     LL FOLSOM, L.P., a Delaware Limited
15   Partnership; and LL GP, LLC., a Delaware
     Limited Liability Company,
16
                       Defendants.
17

18          This matter is before the Court on Defendants LL Folsom, L.P. and LL GP, LLC's

19   (collectively, "Defendants") Motion to Dismiss.  (ECF No. 8.)  Plaintiff Rafael Arroyo

20   ("Plaintiff") opposed the motion.  (ECF No. 9.)  Defendants replied.  (ECF No. 11.)  For the

21   reasons set forth below, Defendants' Motion to Dismiss is GRANTED.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                                 1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a paraplegic and uses a wheelchair for mobility due to his condition.  (ECF No. 1 at 1.)  He has difficulty standing, reaching objects, maneuvering around objects, and transferring himself from his wheelchair to other equipment.  (*Id.* at 4.)  Defendants own and operate the Larkspur Landing Folsom (the "Hotel") and the associated website at https://www.larkspurhotels.com/folsom.  (*Id.*)

On October 9, 2020, Plaintiff visited the Hotel's reservation website to book an accessible room for his upcoming trip in April 2021.  (*Id.*)  Plaintiff found the website to contain insufficient information regarding certain accessibility features and thus was not able to independently assess whether a room at the hotel would be accessible.  (*Id.*)  More specifically, Plaintiff alleges the following information is lacking: (1) whether the doorways provide at least 32 inches of clearance; (2) whether there is at least 30 inches width on the side of the bed; (3) whether the desk/table provides knee and toe clearance that is at least 27 inches high, 30 inches wide, and runs at least 17 inches deep; (4) whether the toilet seat height is between 17–19 inches and whether it has the two required grab bars to facilitate transfer; (5) whether the restroom sink clearance reflects the same measurements of the desk/table, whether the plumbing is insulated to protect against burning contact, and whether the lowest reflective edge of the mirror measurement is no more than 40 inches high; and (6) for the type of shower — what type of shower it is (transfer, standard roll-in, or alternate roll-in), whether it has an in-shower seat, whether there are grab bars mounted on the walls, whether there is a detachable hand-held shower wand, and whether the wall mounted accessories and equipment are all within 48 inches in height.  (*Id.* at 5–7.)

On February 11, 2021, Plaintiff filed this action against Defendants alleging violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act").  (*Id.* at 8–10.)  On March 8, 2021, Defendants filed the instant motion to dismiss.  (ECF No. 8.)

## II.     STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain

1   "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

2   Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in

3   federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the

4   grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal

5   citation and quotations omitted).

6       On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

7   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every

8   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

9   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

10  "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

11  relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

12      Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

13  factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

14  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

15  unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

16  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

17  elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

18  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

19  statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences

20  are insufficient to defeat a motion to dismiss" for failure to state a claim.  *Adams v. Johnson*, 355

21  F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the

22  plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws

23  in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

24  *Council of Carpenters*, 459 U.S. 519, 526 (1983).

25      Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

26  facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim

27  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

28  reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at

1    680.  While the plausibility requirement is not akin to a probability requirement, it demands more

2    than "a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  This plausibility

3    inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

4    experience and common sense."  *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or

5    her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly

6    dismissed.  *Id.* at 680 (internal quotations omitted).

7           In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits

8    thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.

9    *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*

10   *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-*

11   *Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true

12   allegations that contradict matters properly subject to judicial notice).

13          If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

14   amend even if no request to amend the pleading was made, unless it determines that the pleading

15   could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,

16   1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

17   *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

18   denying leave to amend when amendment would be futile).  Although a district court should

19   freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

20   deny such leave is 'particularly broad' where the plaintiff has previously amended its

21   complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

22   2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

23          **III.   ANALYSIS**

24          Defendants move to dismiss Plaintiff's Complaint in its entirety because the website at

25   issue complies with the ADA's Reservations Rule.[1]  (ECF No. 8-1 at 11.)

26   _____

27   [1]      Defendants request that the Court take judicial notice of seven exhibits.  (*See* RJN, Exs. 1-
     7.)  Plaintiff only opposes judicial notice of Exhibit 3, a list of cases filed by Plaintiff in other
28   courts.  Plaintiff argues that his prior litigation history is irrelevant to the case at hand.  (ECF No.
     9 at 1.)  Plaintiff does not contest the remaining exhibits.  (*Id.*)  The Court DENIES Defendants'

                                                       4

1

A.      Regulatory Framework

2      Title III of the ADA provides "[n]o individual shall be discriminated against on the basis

3 of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

4 advantages, or accommodations of any place of public accommodation by any person who owns,

5 leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).

6 Moreover, individuals with disabilities must be "afforded reasonable modifications" by public

7 accommodations such as hotels to the "policies, practices, and procedures, when such

8 modifications are necessary to afford such goods, services, facilities, privileges, advantages, or

9 accommodations to individuals with disabilities." *Id.* § 12182(b)(2)(A)(ii).  The ADA delegates

10 rulemaking authority to the Department of Justice ("DOJ"), which must "issue regulations . . . to

11 carry out the provisions of" Title III relating to hotel accommodations.  *Id.* § 12186(b).

12      This case concerns the "Reservations Rule," which requires hotels to "[i]dentify and

13 describe accessible features in the hotels and guest rooms offered through its reservations service

14 in enough detail to reasonably permit individuals with disabilities to assess independently

15 whether a given hotel or guest room meets his or her accessibility needs."  28 C.F.R. §

16 36.302(e)(1)(ii).  In 2010, the DOJ provided further guidance about how hotels may comply with

17 the regulations.  *See* 28 C.F.R. Pt. 36, App. A.  The DOJ guidance indicates that older hotels built

18 before the ADA Standards came into effect should specify features that do not comply with the

19 1991 Standards.  *Id.*  As to newer hotels built in compliance with the 1991 Standards, "it may be

20 sufficient to specify that the hotel is accessible and, for each accessible room, to describe the

21 general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen

22 beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features

23 available in the room (e.g., alarms and visual notification devices)."  *Id.*  The DOJ guidance also

24 _____

25 request for judicial notice with regards to Exhibit 3 to the extent Defendants cite Plaintiff's prior
litigation history as a basis for scrutinizing the validity of Plaintiff's current claim.  *See D'Lil v.*
26 *Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008).  The Court GRANTS
Defendants' request for judicial notice with respect to the remaining exhibits.  These exhibits
27 consist of documents that are within the public record and a website that is publicly accessible
and referenced in the Complaint.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741,
28 746 n.6 (9th Cir. 2006); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014).

states that in each case, hotels should make trained staff available to answer questions about accessibility features and provide guests with more detailed information. *Id.* The Ninth Circuit recently held that courts should afford the DOJ guidance "controlling weight." *Love v. Marriott Hotel Servs., Inc.*, 40 F.4th 1043, 1048 (9th Cir. 2022).

B.  Defendants' Website

Plaintiff alleges Defendants' website did not have sufficient detail regarding essential accessibility features. (ECF No. 1.) In moving to dismiss, Defendants argue the website complies with the Reservations Rule. (ECF No. 8 at 9.)

The Ninth Circuit's recent decision in *Love* supports Defendants' argument and likely forecloses Plaintiff's claims. In *Love*, the Ninth Circuit affirmed dismissal of a plaintiff's ADA claim in a substantially similar case. *See* 40 F.4th 1043. The plaintiff in *Love* used a wheelchair and alleged "he needed to know whether there was at least 30 inches of maneuvering space beside the bed, whether the sink and mirror had enough clearance to be used from a wheelchair, whether there were grab bars mounted near the toilet and shower, whether the shower had a seat and detachable hand-held wand, and whether the heights of the toilet and bathing facilities were appropriate." *Id.* at 1045. As in the instant case, the plaintiff alleged the hotel's failure to post this information on its website violated the Reservations Rule. *Id.* The district court granted the hotel's motion to dismiss, finding that the website complied with the Reservations Rule. *Id.*

In affirming dismissal, the Ninth Circuit concluded that the hotel's website complied with the Reservations Rule because it specified the hotel was "accessible" (which the court deemed a term of art that signaled compliance with the ADA and its regulations) and listed accessible features in certain guest rooms. *Id.* at 1048–1049. The website also described the accessible guest rooms with information about (1) "the general type of room"; (2) "the size and number of beds"; (3) "the type of accessible bathing facility"; and (4) "communications features available in the room" in accordance with the DOJ guidance. *Id.* The *Love* court found the hotel's website satisfied the Reservations Rule without needing the level of detail requested by the plaintiff.

In the instant case, Defendants' website describes the Hotel itself and certain individual suites as "accessible" and then lists multiple features of the rooms in detail. (ECF No. 8-2 at 5–

6.)  For instance, the website states that in accessible suites there are grab bars in bathtubs/showers, accessible vanities, lowered towel racks, bathtubs/showers with stool, hand-held shower heads, and in the accessible executive suite, a roll-in shower with stool.  (*Id.* at 6.)  The website also indicates the Hotel and rooms offer a variety of accessibility features that seem to cover every issue Plaintiff raises in his Complaint.  (*Id.* at 5.)  For example, the website indicates the Hotel has the following mobility features: "doorways wide enough for maneuvering," toilet heights that "meet ADA requirements," "grab bars available in relation to the toilet," bathroom sinks "lowered with the ability to fit a wheelchair underneath," bathroom sinks "insulated to prevent burns," "sink taps [that] are reachable," "a reachable hand held shower head," and "space for a wheelchair to move easily in the guest room and washroom."  (*Id.*)  The website also provides a phone number and email address that potential guests can use to contact the Hotel for more information about the accessible features offered at the Hotel or other accessibility concerns.  (*Id.*)

The Court concludes Defendants' website complies with the Reservations Rule as to those issues Plaintiff raises in the Complaint.  Defendants are not required to provide exact measurements to show compliance with the ADA.  Defendants' use of the word "accessible" signifies compliance with the ADA and its regulations, Defendants describe various accessibility features in the hotel and rooms, and Defendants provide contact information for further questions or concerns about accessibility.  *See Love*, 40 F.4th at 1049.

As such, the Court GRANTS Defendants' motion to dismiss the ADA claim.  In addition, Plaintiff's Unruh Act claim is predicated on his ADA claim.  (ECF No. 1 at 10.)  Because the Court has dismissed the ADA claim, Plaintiff's derivative Unruh Act claim also fails.  Moreover, to the extent Plaintiff cannot plead a viable ADA claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.  Lastly, while the Court has serious doubts as to Plaintiff's ability to plead a viable ADA claim, the Court will give Plaintiff an opportunity to amend his Complaint.

///

///

1    **IV.    CONCLUSION**

2          For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Dismiss

3    with leave to amend.  (ECF No. 8.)  Plaintiff may file an amended complaint not later than thirty

4    (30) days of the electronic filing date of this Order.  Defendants shall file a responsive pleading

5    not later than twenty-one (21) days thereafter.  If Plaintiff does not file an amended complaint, the

6    Court will dismiss this action and close the case.

7          IT IS SO ORDERED.

8    **DATED:  September 21, 2022**

9                                                              _____
                                                               Troy L. Nunley
10                                                             United States District Judge